## In re Anonymous No. 76 D.B. 83

Disciplinary Board Docket No. 76 D.B. 83.

CURRAN, *Member*, February 5, 1987 —

## HISTORY OF PROCEEDINGS

Essentially, we adopt the history of the case as set forth by the committee.

On December 29, 1983, a petition for discipline was filed against respondent, [    ], following his contempt conviction issued in the United States District Court for the [    ] District of Pennsylvania. The petition alleged that respondent had violated the following disciplinary rules of the Code of Professional Responsibility:

DR 1-102(A)(3), which prohibits an attorney from engaging in illegal conduct involving moral turpitude;

DR 1-102(A)(4), which prohibits an attorney from engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation;

DR 1-102(A)(5), which prohibits an attorney from engaging in conduct that is prejudicial to the administration of justice;

DR 1-102(A)(6), which prohibits an attorney from engaging in other conduct which adversely reflects on fitness to practice law;

DR 2-106(A), which prohibits a lawyer from entering into an agreement for charging or collecting an illegal fee; and

DR 7-106(A), which prohibits a lawyer from disregarding or advising his client to disregard a standing rule of a tribunal or a ruling of a tribunal made in the course of a proceeding.

Subsequently, hearing committee [    ·] was assigned to hear the instant matter.

A formal hearing was held on January 23, 1986. On or about March 26, 1986, the chairperson of the committee was required by "personal circumstances" to withdraw from further participation in this case.

The committee's inquiry was somewhat simplified by counsel's submission of a comprehensive stipulation of facts. Indeed, there does not appear to be a material factual dispute between the parties at all. Essentially, the committee has incorporated the aforementioned stipulated facts and determined therefrom the appropriate recommended penalty.

The hearing committee recommended a private reprimand by the disciplinary board without probation. This report was filed on May 23, 1986, at which date letters to parties enclosing hearing committee report were mailed. Disciplinary counsel excepted thereto by brief filed July 11, 1986. Opposing counsel filed his brief on July 27, 1986. Thereafter on August 7, 1986, the matter was referred to the undersigned for review.

## SUMMARY OF HEARING COMMITTEE FINDINGS

By means of a stipulation of counsel, 16 stipulated findings were submitted and the committee made five additional findings. For the sake of brevity they are hereinafter summarized. Beginning in June 1968, respondent served as an assistant public defender in the [A] Division of the Defender Association of [B]. On or about September 15, 1970, he

was made chief of the [C] Division of Defender Association of [B]. In June 1981 he was appointed to represent [D] in a certain case of *United States of America v. [D]*. In September 1981 without "authorization" respondent accepted a completed patio built at his residence by [D] at [D's] suggestion, work valued at about $2,500, and in February 1982, he accepted a nonsolicited payment of $1,500 in cash from [D] which was delivered by an intermediary. Each of these "gifts" was made to respondent in gratitude for his work in representing [D].

Respondent was cited by the Public Integrity System of the Criminal Division of the Justice Department for receiving these payments and resulting therefrom by means of an order dated October 31, 1983, was fined $500 and the matter transmitted to the office of disciplinary counsel for further action.

The aforesaid constitute a summary of the stipulated findings. Additionally, the committee found that [D] continually asked respondent whether he would ever need any cement work done and when respondent finally agreed to the installation of the patio, he thereafter occasionally asked [D] for a bill. The hearing committee found that respondent did recognize it was improper to accept these gifts but felt "trapped by the circumstances."

## DISCUSSION

Initially, it must be pointed out that respondent has no prior disciplinary history. We also note that the hearing committee found respondent to be widely respected as a gifted lawyer and the record reflects letters of support from many lawyers and judges, including former Chief Judge of the United States District Court for [  ] District of Pennsylvania, Honorable [E].

There is no doubt that respondent's transgressions have affected him in that they have caused him to resign his post as chief attorney of the Defender's Association and he has suffered a marked diminution in earnings.

Office of disciplinary counsel cites *In re Anonymous No. 29 DB 77,* 7 D.&C.3d 510 (1978), and *In re Anonymous No. 5 DB 83,* 35 D.&C.3d 160 (1984) as support for the argument that respondent should receive a public censure. We concur with respondent in that his factual circumstances can be differentiated from the above two cases in that in the former case the attorney in question was found in violation of 18 U.S.C. §401 (contempt) based on his conduct in making misrepresentations to a client's employer and the employer's attorney concerning whether respondent's client would testify against the employer at trial which conduct involved extortion on the attorney's part. In the former, respondent's attorney personally became involved in the collection of cocaine debts by a third party for his client in order to pay for the legal fees.

Additionally, we take note of respondent's overall laudatory record as set forth above and add thereto that after graduation from law school he served with distinction in Vietnam, winning commendations for valor and for service beyond the call of duty. He has also made pro bono contributions to the prison and court system.

We do not condone respondent's behavior; on the contrary, we find that respondent's actions constitute violations of the following:

DR 1-102(A)(3), which prohibits an attorney from engaging in illegal conduct involving moral turpitude;

DR 1-102(A)(4), which prohibits an attorney from engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation;

DR 1-102(A)(5), which prohibits an attorney from engaging in conduct that is prejudicial to the administration of justice;

DR 1-102(A)(6), which prohibits an attorney from engaging in other conduct which adversely reflects on fitness to practice law;

DR 2-106(A), which prohibits a lawyer from entering into an agreement for charging or collecting an illegal fee; and

DR 7-106(A), which prohibits a lawyer from disregarding or advising his client to disregard a standing rule of a tribunal or a ruling of a tribunal made in the course of a proceeding.

However, we believe that respondent's action in the instant matter is best described as an unfortunate and ill-advised transgression in an otherwise meritorious career.

## CONCLUSION

In consideration of the foregoing, the disciplinary board of the Supreme Court determines that a private reprimand should be administered in connection with this case for violation of the disciplinary rules cited above.

Pursuant to rule 208(d)(2)(ii), respondent shall bear the costs of these proceedings pursuant to rule 208(g)(2) on or before the date fixed for the appearance of respondent before the disciplinary board for the administration of the private reprimand.

Messrs. Brown and Tumolo dissent and would recommend a public censure.

Ms. Heh did not participate in the adjudication.

## ORDER

And now, this February 5, 1987, the report and recommendation of hearing committee [  ] dated May 23, 1986, is accepted; and it is ordered and decreed, that the said [respondent] of [     ], be subjected to private reprimand by the disciplinary board of the Supreme Court of Pennsylvania as provided in rule 204(a)(5) of the Pennsylvania Rules of Disciplinary Enforcement at the next session of this board. Costs are to be paid by respondent.

Messrs. Brown and Tumolo dissent and would recommend a public censure.

## ORDER

And now, this September 3, 1987, a rule having been issued by this court on May 29, 1987, to show cause why respondent should not be disbarred and, upon consideration of the responses filed to said rule to show cause, the rule is hereby discharged; and it is ordered that [respondent] be and he is suspended from the bar of this commonwealth for a period of three years, and he shall comply with all the provisions of Pa.R.D.E. 217. It is further ordered that respondent shall pay costs to the disciplinary board pursuant to Pa.R.D.E. 208(g).